UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Resideo Technologies, Inc., Derivative Litigation | Case No. 21-cv-2097 (WMW/ECW) <br> Case No. 21-cv-1965 (WMW/ECW) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs in these related actions are Riviera Beach Police Pension Fund, City of Hialeah Employees Retirement System, Jawad A. Ayaz as Trustee of the Shiv Venkatasetty 2016 Trust, and Daniel Sanclemente. They seek preliminary approval of a proposed settlement of claims against Defendants Resideo Technologies, Inc. (Resideo); Michael G. Nefkens; Joseph D. Ragan III; Niccolo De Masi; Paul Deninger; Roger Fradin; Jack Lazar; Nina Richardson; Andrew Teich; and Sharon Wienbar. (21-cv-2097 Dkt. 62; 21-cv-1965 Dkt. 32.) Plaintiffs and Defendants have entered into a Stipulation and Agreement of Settlement dated February 3, 2023 (Stipulation), which provides for a complete dismissal with prejudice of the claims against Defendants in this action, as well as a release of claims on the terms and conditions set forth in the Stipulation. Plaintiffs now move, pursuant to Rule 23.1, Fed. R. Civ. P., for an order preliminarily approving the Settlement in accordance with the Stipulation. The Court has reviewed and considered all papers filed in connection with Plaintiffs' unopposed motion. For the reasons addressed below, the Court is satisfied that the requirements for granting preliminary approval of the Settlement are otherwise satisfied. Accordingly, the Court grants Plaintiffs' unopposed motion.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

1. **Preliminary Approval of the Settlement** – Plaintiffs' unopposed motion for preliminary approval of settlement, (21-cv-2097 Dkt. 62; 21-cv-1965 Dkt. 32), is **GRANTED**. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23.1, Fed. R. Civ. P., that the Settlement appears to be the product of serious, informed, arm's-length negotiations and that the Court will likely be able to finally approval the Settlement under Rule 23.1 as being fair, reasonable, adequate, and in the best interests of Resideo.

2. **Settlement Hearing** – Pursuant to Rule 23.1, Fed. R. Civ. P., the Court will hold a hearing (Settlement Hearing) on June 7, 2023, at 11:00 a.m., either in person at the United States District Court for the District of Minnesota, Courtroom 7A, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, MN 55101, or by telephone or video conference (at the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided in the Stipulation is fair, reasonable, adequate and in the bests interests of Resideo and its stockholders; (b) to determine whether a judgment consistent with the form attached as Exhibit D to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the agreed fee and expense amount to be paid to Plaintiffs' counsel should be approved; (d) to hear and determine any objections to the Settlement or the agreed Fee and Expense Amount; and (e) to consider any other matters that may properly be brought before the Court in connection with the

Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Resideo stockholders and may approve the proposed Settlement with modifications, if appropriate, without further notice to the Resideo stockholders. The Court may decide to hold the settlement hearing by telephone or video conference without further notice to Resideo stockholders.

4. **Manner of Giving Notice**

(a) not later than twenty-one (21) calendar days after the date of entry of this Order, Resideo shall, at its expense, mail a Notice in substantially the form attached to the Stipulation as Exhibit C to all stockholders of record of Resideo as of the Notice Date. All stockholders of record who were not also the beneficial owners of the shares of Resideo common stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares;

(b) not later than twenty-five (25) calendar days after the entry of this Order Resideo shall, at its expense, cause the Notice to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*;

(c) not later than seven (7) calendar days before the settlement hearing, Defendants' counsel shall file with the Court proof, by affidavit or declaration, attesting to compliance with the notice provisions in this Order.

5.     **Approval of Form and Content of Notice** – The Court approves, as to form and content, the Notice attached to the Stipulation as Exhibit C.  The Court also finds that the mailing and distribution of the Notice and the publication of the Settlement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Resideo stockholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Plaintiffs' counsel's request for approval of the Fee and Expense Amount, of their right to object to the Settlement and/or the Fee and Expense Amount, and of their right to appear at the settlement hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the settlement hearing shall be included in the Notice before it is mailed or published.

6.     **Appearances and Objections at the Settlement Hearing** – Any Resideo stockholder who continues to own shares of Resideo common stock as of the date of the Settlement Hearing who objects to the Settlement and/or the agreed Fee and Expense Amount may appear at their own expense, individually or through counsel of their own choice, by filing with the Clerk of the Court and delivering a notice of appearance to both Plaintiffs' counsel and Defendants' counsel, at the addresses set forth in this Paragraph, such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing, or as the Court may otherwise direct.  Any Resideo stockholder may file a written

4

objection to the proposed Settlement and/or the Fee and Expense Amount and appear and show cause why the proposed Settlement and/or the Fee and Expense Amount should not be approved; *provided, however*, that no Resideo stockholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and/or the Fee and Expense Amount unless that person or entity has filed a written objection with the Court and served copies of such objection on Plaintiffs' counsel and Defendants' counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days before the Settlement Hearing.

| *Counsel for Plaintiffs* | *Counsel for Defendants Resideo Technologies, Inc., Michael G. Nefkens, Joseph D. Ragan III, and Niccolo de Masi and on Behalf of All Defendants* |
|---|---|
| **GRANT & EISENHOFER PA**<br>Michael J. Barry<br>123 Justison Street<br>Wilmington, DE 19801<br>Telephone: (302) 622-7000<br>mbarry@gelaw.com<br><br>**SAXENA WHITE P.A.**<br>Adam Warden<br>7777 Glades Road, Suite 300<br>Boca Raton, FL 33434<br>Telephone: (561) 394-3399<br>awarden@saxenawhite.com | **WILLKIE FARR & GALLAGHER LLP**<br>Tariq Mundiya<br>Charles D. Cording<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 728-8000<br>tmundiya@willkie.com<br>ccording@willkie.com |

Copies of the objections must also be e-mailed to mbarry@gelaw.com, awarden@saxenawhite.com, and ccording@willkie.com no later than twenty-one (21) calendar days before the settlement hearing.

7. Any objections, filings and other submissions by the objecting Resideo stockholder must identify the case names and civil action numbers, *In re Resideo Technologies, Inc. Derivative Litigation*, Case No. 21-cv-2097 (WMW/ECW) and Case

5

No. 21-cv-1965 (WMW/ECW), and they must contain: (a) a written and signed notice of intention to appear that states the name, address, telephone number, and email address of the person or entity objecting; (b) proof of current ownership in Resideo common stock, including the number of shares and documentary evidence of when such stock ownership was acquired; and (c) a written detailed statement of the person's objections that states with specificity the grounds for the objection, including any legal and evidentiary support the stockholder wishes to bring to the Court's attention.  Objectors that enter an appearance and desire to present evidence at the settlement hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors that intend to appear at the settlement hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the settlement hearing either in person or by telephone or video conference.

8. Unless the Court orders otherwise, any Resideo stockholder who does not make their objection in the manner provided herein shall: (a) be deemed to have waived their right to object to any aspect of the proposed Settlement, the Final Order and Judgment, or the Fee and Expense Amount; (b) be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the final order and judgment, or the Fee and Expense Amount; and (c) be deemed to have waived, barred, and foreclosed from being heard with respect to any matters concerning the Settlement or the Fee and Expense Amount.

9. **Stay of Proceedings and Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other Resideo stockholders, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Defendant Parties. The Court finds that issuance of this provision is necessary and appropriate in aid of the Court's jurisdiction over this Action. The Court finds no bond is necessary for issuance of this provision.

10. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, other Resideo stockholders and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately before the execution of the Stipulation.

11. **Supporting Papers** – Plaintiffs' counsel shall file and serve the opening papers in support of the proposed Settlement and the Fee and Expense Amount no later than thirty-five (35) calendar days before the settlement hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days before the settlement hearing.

12. **Approval of Settlement** – If the Settlement provided for in the Stipulation is approved by the Court following the settlement hearing, the Court shall enter the order and final judgment substantially in the form attached to the Stipulation as Exhibit D.

13.     **Approval Not Contingent on Approval of Fee and Expense Amount** – Whether the order and final judgment obtains final approval is not conditioned on the Court's approval of the Fee and Expense Amount, either at all or in any particular amount.

Dated:  February 13, 2023                                    s/Wilhelmina M. Wright
                                                                                                   Wilhelmina M. Wright
                                                                                                   United States District Judge